**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Solomon Sovero,<br><br>         Petitioner,<br><br>v.<br><br>David Shinn, [1] *et al.*,<br><br>         Respondents. | No. CV-18-2948-PHX-JGZ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Petitioner David Solomon Sovero's Motion to Stay (Doc. 24). Respondents have objected to a stay. *See* Resp.'s Resp. to Pet.'s Mot. to Stay (Doc. 25).

Petitioner seeks a stay in "accordance with petitioners [sic] RIGHT to DUE PROCESS . . . as family members attempt to retain counsel in this 'Habeas' matter as well as counsel in a CIVIL matter against ASPC LEWIS officials[.]" Pet.'s Mot. to Stay at 1 (emphasis in original). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005). "It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing

---

[1] The Court takes judicial notice, that Charles Ryan is no longer the Director of the Arizona Department of Corrections ("AZDOC"). As such, the Court will substitute the Director of the AZDOC, David Shinn, as a Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

his federal petition." *Id.* (citation omitted). A petitioner must show good cause for his failure to exhaust his claims in state court to warrant a stay. *Id.* at 277, 125 S. Ct. at 1535. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

Thus far, Petitioner has adequately presented his claims to this Court and has failed to offer any reason why counsel is required in this habeas proceeding. Neither has he provided any additional information regarding the status of obtaining counsel during the pendency of his motion. Lastly, Petitioner has not offered any indications of how he has been prejudiced in this case by ASPC Lewis officials' alleged actions or how any potential civil matter relates to what has been filed here. Accordingly, the Court finds that Petitioner has not offered good cause to stay resolution of his pending habeas petition.

## VI.  RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Motion to Stay (Doc. 24).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-18-2948-PHX-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 11th day of February, 2020.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge